UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-P107-M

**JAMES R. HAZELWOOD**                                                                                   **PLAINTIFF**

v.

**PATTI WEBB** *et al.*                                                                                  **DEFENDANTS**

### MEMORANDUM AND ORDER

Currently before the Court is Plaintiff's notice of filing of depositions upon written questions (DN 42), motion to depose a prisoner pursuant to Fed. R. Civ. P. 31(a)(2) (DN 43), motion to direct Defendants to comply with Fed. R. Civ. P. 5 (DN 44), Ex parte motion for issuance and service of subpoenas (DN 45), and motion to compel and for sanctions (DN 47). The Court will address each below.

    1.    **Notice of filing of depositions upon written questions.**  Federal Rule of Civil Procedure 31 provides for depositions upon written questions.  It states:

a) Serving Questions; Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.

(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;

(B) the person to be examined has already been deposed in the case; or

(C) a party seeks to take a deposition before the time specified in Rule 26(d).

(3) A party desiring to take a deposition upon written questions shall serve

> them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).
>
> (4) Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.
>
> (b) Officer to Take Responses and Prepare Record.
>
> A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.
>
> (c) Notice of Filing.
>
> When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

*Id.*

Plaintiff has notified the Court that he intends to use the above-outlined procedure to depose eight individuals. Defendants have not objected. Furthermore, Defendants previously agreed to designate a person to administer the oath and conduct the depositions should Plaintiff elect to proceed in this manner. Accordingly, **IT IS HEREBY ORDERED that within 10 days of the entry of this Order, Defendants shall designate an official for the purpose of administering the oath and conducting the Rule 31 depositions and shall provide the name and address of that individual to the Court and to Plaintiff. Furthermore, Plaintiff has**

**proposed a deposition date of October 29, 2007; if said date is not agreeable to Defendants, they shall notify Plaintiff and shall provide alternative dates for the deposition prior to the discovery cutoff date within 10 days of the entry of this Order.**

      2.      <u>**Plaintiff's motion to depose a prisoner pursuant to Fed. R. Civ. P. 31(a)(2).**</u>

Pursuant to Fed. R. Civ. P. 31(a)(2), Plaintiff seeks leave to depose inmate Lawan Allison, a prisoner at the Green River Correctional Complex. Defendants have not objected. The Court finds that Plaintiff has demonstrated that the deposition falls within the scope of the "principles stated in Rule 26(b)(2)." Accordingly, Plaintiff's motion (DN 43) is **GRANTED**.

      3.      <u>**Plaintiff's motion to direct Defendants to comply with Fed. R. Civ. P. 5**</u>.

Plaintiff states in his motion that he did not receive copies of two documents filed by Defendants: (1) Defendants' response to Plaintiff's Rule 59(e) motion (DN 36); and (2) Counsel Rowland's motion to withdraw (DN 38). Both documents contain a certificate of service indicating that Plaintiff was served. However, according to Plaintiff, who is now in federal custody, the Federal Bureau of Prisons does not recognize legal mail unless it is marked in a certain manner. Plaintiff has moved the Court to Order Defendants to include the following notation on the outside envelope of all service copies, "Legal Correspondence Open Only in Presence of Inmate-Privileged Mail." Having received no objection from Defendants, Plaintiff's motion (DN 44) is **GRANTED. Defendants are ORDERED to include the notation "Legal Correspondence Open Only in Presence of Inmate-Privileged Mail" on all documents mailed to Plaintiff in relation to this action.**

      4.      <u>**Plaintiff's motion for issuance and service of subpoenas.**</u> Plaintiff has filed eight subpoenas with the Court commanding the witnesses to appear for deposition and to produce documents and requests the Court to direct them to be served.

First, three of the individuals are parties to this action: Patti Webb, Debra Banks, and Frederick Basham. The Court instructs Plaintiff that it is not necessary to subpoena parties. Plaintiff need only provide notification to Defendants' counsel of the time and date of the deposition and a list of any documents that Plaintiff desires the party to produce at the deposition. As for the remaining five subpoenas, Fed. R. Civ. P. 45(b)(1) provides, in pertinent part, that "service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law." This Rule requires the simultaneous tendering of the witness fee ($ 40),[1] as well as the estimated mileage expenses, with the service of a subpoena. *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494 (9th Cir. 1983). Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend. *See, e.g., Andreola v. Wisconsin*, Case No. 04-C-0282, 2006 U.S. Dist. LEXIS 19123 (E.D. Wis. Apr. 4, 2006) (citing Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 2454 at 25-26 (West 1995)). Although Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Sixth Circuit has held that § 1915 does not provide the necessary statutory authority for the Court to waive the witness fees:

> Section 1915 is a statutory scheme by which courts may waive certain court fees where a party is declared an indigent. Section 1915(c) in particular allows the court to waive certain preliminary court fees whenever a party is declared indigent. It provides: "(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(c). We do not think the language of § 1915(c) can support such a reading.
>
> Section 1915(c) must be read in conjunction with its criminal law counterpart, § 1825. Section 1825 was passed in 1965 in response to a judicial holding which had allowed for the payment of witness fees in criminal cases where the defendant was

---

[1] 28 U.S.C. § 1821(b).

> indigent. *Estep v. United States*, 251 F.2d 579, 582 (5th Cir. 1958). *See also, Dortly v. Bailey*, 431 F. Supp. 247, 248-50 (M.D. Fla. 1977) (outlines history of § 1825). At the same time, however, Congress failed to change § 1915 to allow for payment of such witness fees in civil cases. We feel this failure is controlling in this case. *See Decisions of the Comptroller General,* 53 Comp. Gen. 645.

*Johnson v. Hubbard*, 698 F.2d 286, 290 (6th Cir. 1983).

Because this Court lacks the authority to waive witness fees and because Plaintiff did not tender the required fees with his Rule 45 subpoenas, the tendered subpoenas are not in proper form and the Court cannot direct them to be served. *Craft v. Mascorro*, No. 95-1592, 1996 WL 479132 (6th Cir. Aug. 22, 1996) ("It is uncontested that Craft did not provide the fees required by Fed. R. Civ. P. 45(b) and 28 U.S.C. § 1821 in order to compel the attendance of a witness in a civil trial. The trial court was therefore without authority to issue the requested subpoenas."); *Mitchell v. Voss*, 863 F.2d 49 (6th Cir. 1988) ("The plaintiff also complains that the district court did not serve the subpoenas the plaintiff requested. This issue is without merit because neither the Constitution nor the statutory law of the United States requires the government to pay the witness and mileage fees needed for the service of subpoenas under Fed. R. Civ. P. 45(c).").

Accordingly, for the reasons explained above, Plaintiff's motion for issuance and service of subpoenas (DN 45) is **DENIED.** To the extent Plaintiff requests the Court to issue subpoenas to non-parties for attendance at depositions or at trial, he must tender the appropriate witness fees to the Court along with the subpoenas.

As procedural guidance, the Court instructs Plaintiff that Rule 45 "authorizes the issuance of a subpoena to compel a non-party to produce evidence independent of any deposition." Notes of the Advisory Committee on the 1991 Amendment of Rule 45. Because a subpoena duces tecum does not command the attendance of the subpoenaed person, Rule

45(b)(1) does not require a tender of attendance or mileage fee in order to effect good service of such a subpoena:

> A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person *and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.*

Fed. R. Civ. P. 45(b)(1) (emphasis added). Thus, an indigent plaintiff need not tender any witness or mileage fee with a subpoena duces tecum in order to trigger the U.S. Marshals' duty to serve the subpoena duces tecum.

In the event that Plaintiff desires to resubmit the subpoenas to the Court with either the required witness fees or for the production of documents only, **the Clerk of Court is DIRECTED to mail Plaintiff 5 blank subpoena forms.**

5. **Plaintiff's motion to compel and for sanctions.** In his motion to compel, Plaintiff states that he propounded discovery requests on Defendants in June 2007, but Defendants have failed to respond. Defendants do not dispute these facts, but claim that they are relieved of their obligation to respond by virtue of the Court's August 6, 2007, Order modifying the Scheduling Order in this case. The Court's Order extended the discovery deadline in this case to November 6, 2007. The Court's Order, however, does not relieve Defendants of their obligation to timely respond to discovery requests made by Plaintiff. It merely sets a deadline for the parties to complete discovery, and much like Fed. Civ. R. P. 26 requires the parties to exchange basic documents that are relevant to the case without the other party having to make a formal request for the information under the Federal Rules of Civil Procedure. If a party elects to utilize the discovery mechanisms under the Rules, however, the Court's Order does not extend the response time. Accordingly, Plaintiff's motion to compel

6

(DN 47) is **GRANTED.  Defendants shall respond to Plaintiff's outstanding discovery requests within 10 days of the entry of this Order.**  Plaintiff's request for sanctions (DN 47) is **DENIED**.

Date:

cc:   Plaintiff, *pro se*
      Counsel of Record

4414.008