UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-P107-M

JAMES R. HAZELWOOD                                                                     PLAINTIFF

v.

PATTI WEBB *et al.*                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for leave to file an out of time motion pursuant to Federal Rules of Civil Procedure 52 and 59. For the reasons, set forth below, the Court will deny the motion to the extent it seeks an extension to file a motion under Rules 52 or 59 because the Court lacks the authority to do so. To the extent that the motion can be construed as a motion for relief from judgment, it will be denied because Plaintiff does not meet the requirements of Rule 60. However, to the extent that the motion requests the Court to reopen the time to file an appeal, it will be granted.

This matter came before the Court for a bench trial on December 14, 2009. Pursuant to Rule 52, the Court issued findings of fact and conclusions of law. Those findings and conclusions as well as a judgment in favor of Defendants was entered by the Clerk of the Court on January 4, 2010. However, according to Plaintiff he did not receive notice of them until March 19, 2010. Plaintiff explains that before the trial he was transferred from the Federal Correctional Institute in Manchester, Virginia, to the Grayson County Detention Center. Instead of being directly transferred back to Manchester, Virginia, Plaintiff states that he remained in transit so that he could appear before the Honorable James B. Todd, Magistrate Judge, in the Eastern District of Kentucky for a hearing in his 28 U.S.C. § 2255 case. That hearing was conducted on March 16, 2010. Plaintiff states that he was not returned to the Manchester, Virginia, facility until March 19, 2010, at which time he received his mail and obtained a copy of

this Court's Findings of Fact and Conclusions of Law and the Judgment entered in favor of Defendants. Movant then filed the instant motion on March 26, 2010.[1]

Under Rule 52(b) a motion for amended or additional findings shall be filed no later than 28 days after the entry of the judgment. Likewise, under Rule 59 a party may move for a new trial or to alter or amend a judgment no later than 28 days after the entry of judgment. Federal Rule of Civil Procedure 6 provides that "a court must not extend the time to act" under either Rules 52(b) or 59(b), (d), and (e). As such, this Court lacks the authority to extend the deadlines under either Rule 52 or 59.

A motion for reconsideration, filed outside the time permitted under Fed. R. Civ. P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Because Plaintiff's motion was filed outside the time for filing a Rule 59(e) motion, the Court construes his current motion as a Rule 60(b) motion. *See Donaldson v. Central Mich. Univ.*, 109 F. App'x 15, 17 (6th Cir. 2004) (citing *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995)).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1]Plaintiff was incarcerated at the time he filed his motion. Therefore, under the prison mailbox rule, the motion is deemed filed the date that it was turned over to prison officials for mailing. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the motion. *See, e.g., Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) ("[W]e treat the petition as filed on the date [the prisoner] signed it.").

> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). When none of the first five enumerated conditions apply, relief may be available only when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

The Court has reviewed Plaintiff's motion. In sum, Plaintiff is simply attempting to reargue his case and to raise issues that he previously argued in the trial of this matter. Plaintiff is not entitled to relief under Rule 60.

Based on a review of Plaintiff's motion and reply, however, it appears that he is also asking the Court to reopen the appeal period in this case. If three conditions are satisfied, Federal Rule of Appellate Procedure 4(a)(6) permits the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered." Those conditions are:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Plaintiff satisfies subsection A. He has presented credible evidence that he did not receive notice of the entry of the Court's judgment until March 19, 2001, well over 21 days after the judgment was entered by Clerk of Court on January 4, 2010.

Plaintiff also satisfies subsection B. Under the prison mailbox rule, Plaintiff's motion

3

was deemed filed on March 26, 2010, the date he signed it. Thus, only 81 days elapsed between the date that Plaintiff filed his motion and entry of the judgment. Additionally, Plaintiff filed his motion exactly seven days after receiving notice of the judgment.

The Court now turns to subsection C. The appeal period closed on February 3, 2010, less than three months ago. While the Court is cognizant of the importance of ensuring the finality of judgments, given the facts of this case and the relatively short amount of time between the close of the appeal period and the filing of Plaintiff's motion, the Court concludes that Defendants would not be unduly prejudiced by granting the requested relief.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1) To the extent that Plaintiff's motion (DN 197) seeks an extension of time to file a motion under either Federal Rule of Civil Procedure 52 or 59, it is **DENIED** because the Court lacks the authority to extend the time periods under those rules;

2) To the extent that Plaintiff's motion (DN 197) seeks relief under Federal Rule of Civil Procedure 60, it is **DENIED**; and

3) To the extent that Plaintiff's motion (DN 197) seeks to reopen the time to file a notice of appeal in this matter, it is **GRANTED. Plaintiff shall have 14 days from the entry of this Memorandum Opinion and Order in which to file a notice of appeal. The Clerk of Court is DIRECTED to send Plaintiff an appeal packet.**

Date:

cc: Plaintiff, *pro se*
     Counsel of record
4414.008

4